Samuel W. Showalter, committee of the person and es-
tate of Edward S. Eaby, a lunatic, *v.* The Mutual Fire
Insurance Company of Chester county, Appellant.

*Insurance—All risks of loss save excepted risks are covered by the policy.*
A policy of insurance covers all risks of loss or damage by fire, save
only such as are excepted by the terms of the policy and such as are
caused by the voluntary act, assent, procurement or design of the assured
himself.

*Fire insurance—Loss by act of insane assured.*
If not expressly provided otherwise, a policy covers loss by fire occa-
sioned by the negligent or insane act of the insured.

Argued Nov. 18, 1896.   Appeal, No. 75, Nov. T., 1896, by
defendant, from judgment of C. P. Chester Co., Aug. T., 1895,
No. 102, on verdict for plaintiff.   Before RICE, P. J., WILLARD,
WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Af-
firmed.

Assumpsit on policy of insurance.   Before WADDELL, P. J.

A barn belonging to Edward S. Eaby and Mary S. Richwine,
insured in the defendant company was destroyed by fire.   Ed-
ward S. Eaby, one of the owners, was arrested on the charge of
arson, and on the trial the jury found that the defendant was
insane at the time of the crime, and acquitted him on the
ground of insanity.

By proceedings in lunacy Samuel W. Showalter was ap-
pointed a committee in lunacy for the said Edward S. Eaby and
brought suit to recover for the lunatic's interest in the policy.

There was evidence tending to show that the barn was burned
by the wilful conduct of the said Eaby.   The court directed a
verdict for the plaintiff.

Verdict for plaintiff $606.62 and 6 cents costs.   Defendant
appealed.

*Errors assigned* were (1) affirmance of plaintiff's first point
which point was as follows: Even if the jury believe that
Edward S. Eaby burned the barn in question, if they also be-

lieve that he was a lunatic at the time of the burning, the verdict must be for the plaintiff for the amount of the insurance; (2) in affirming plaintiff's second point, which was to the same effect; (3) in giving binding instructions for the plaintiff.

*Arthur T. Parke*, with him *Thomas W. Pierce*, for appellant.

*J. Carroll Hayes*, with him *Wm. M. Hayes*, for appellee.

OPINION BY RICE, P. J., February 16, 1897:

The questions of law raised in this and the next succeeding case post p. 452, do not appear to have been decided by the Supreme Court of our state, at least not in the precise form in which they are now presented. The question in this case is, whether it is a defense to an action on a fire insurance policy to allege and prove that the building was burned by the insured while insane. The position of the defendant's counsel is well stated in their own language thus: " The law will read into every contract of fire insurance, an undertaking that the assured will observe the ordinary legal duty of good faith towards the insurer, and his neglect of that duty would be a tort founded upon contract. The legal duty which the insurance contract imposed upon the assured in this case was that he should not himself destroy by fire the property insured; for such destruction would be a wrong committed by himself upon the insurer." If such a provision had been expressly included in the contract there would still be room for argument that the parties contemplated only an intentional destruction of the building by the insured. But while the insurance company was careful to specify in great detail the circumstances under which the policy should become void, and also the circumstances under which it should not be liable for loss, the destruction of the building by the insured was not one of them. Nor was it necessary to stipulate that the company should not be liable for the wilful destruction of the building by the insured. The parties are presumed to have contracted with reference to the principles of natural justice and well settled law, which forbid a man to avail himself of his own turpitude in a suit, or to contract for indemnity against his own fraud. The contract of fire insurance is a contract of

indemnity against loss by fire, and the direct burning of the building by the wilful act of the insured is not one of the risks within the contemplation of the parties to the contract. But it is equally well settled that mere carelessness and negligence of the insured, or his tenants or servants, not amounting to fraud, though the direct cause of the fire are .covered by the policy, unless specially excepted. "Indeed," says a learned writer. " one of the principal objects of insuring against fire is to guard against the negligence of servants and others; and therefore, while it may be said generally that no one can recover compensation for an injury which is the result of his own negligence or want of care, the contract of insurance is excepted out of the general rule. Nor does it make any difference whether the negligence is that of the insured himself or of others. The law looks only at the proximate cause of the loss:" May on Insurance, sec. 408 (ed. of 1873).

This doctrine is sustained by a long line of decisions, among which are our cases : Am. Ins. Co. v. Insley, 7 Pa. 223 ; Phœnix Fire Ins. Co. v. Cochran, 51 Pa. 143 ; Cumberland Valley Mutual Prot. Co. v. Douglas, 58 Pa. 419 ; Lebanon Ins. Co. v. Kepler, 106 Pa. 28. Stating the argument of the defendant's counsel in a little different form it may be summarized thus : There is an implied undertaking on the part of the assured to observe good faith toward the insurer; for the insured to burn his own building is a breach of that duty, and a fraud upon the insurer; to permit him to recover for a loss occasioned by his own wrongful act would be in violation of an implied condition of the policy. The fallacy of this argument consists in assuming that what would be a fraudulent act if committed by a sane person is so in a person incapable of fraudulent intent and of resisting insane impulse. When an insane person burns his own building, what legal wrong does he commit? Certainly none for which he is punishable criminally, and none for which he is responsible civilly unless it be a breach of duty arising out of contract. But as well might you say that negligence of the insured is a breach of duty owed to the insurer as that an insane act is. No rule or principle of public policy forbids one to covenant for indemnity against loss by fire consequent upon either; and why a condition should be implied excepting one, and not the other, from the risk is not plain. The general rule is that

a fire policy covers all risks of loss or damage by fire, save only such as are excepted by the terms of the policy and such as are caused by the voluntary act, assent, procurement or design of the assured himself. In this respect the law of fire insurance seems to be in harmony with the law of life insurance. In Connecticut Mutual Life Ins. Co. v. Groom, 86 Pa. 92, it was said that the rule as to death by suicide adopted by WILLARD, J., in Breasted v. Farmers' Loan Co., 8 N. Y. 299, was a safe and just one. " It must occur to every prudent man seeking to make provision for his family by an insurance on his life, that insanity is one of the diseases that may terminate his being. It is said the defendants did not insure the continuance of the intestate's reason. Nor did they, in terms, insure him against smallpox or scarlet fever; but had he died of either disease, there is no doubt that the defendants would have been liable. They insured the continuance of his life. What difference can it make to them or to him whether it is terminated by the ordinary course of disease in his bed, or, in a fit of delirum he ends himself? In each case the death is occasioned by a means within the meaning of the policy, if the exception contemplates, as I think it does, the destruction of life by a rational agent, responsible for his act." But as in life insurance, if not expressly provided otherwise, the policy covers death by suicide when insane, so also for similiar reasons, loss by fire occasioned by the negligent or insane act of the insured is one of the risks assumed, unless expressly excepted. To imply such an exception would be to decide that the parties must be presumed, upon grounds of public policy or natural justice or equity, not to have covenanted for indemnity against loss from such a cause. There is no such legal presumption, because there is no natural or reasonable ground upon which it can be based.

Much stress was laid in the argument on the law relative to the civil liability of insane persons for their torts. As will be shown in the next case post p. 452, a man may be held civilly liable for his torts although he may be criminally and morally irresponsible. But this liability arises out of considerations which deprive the legal principle of all applicability to the present question. The argument is based on the assumption that the act of burning the building was a wrong to the insurer. But this begs the whole question. It was not a wrong in law if

it was one of the risks which the insurer assumed. We cannot state the governing principle better than by quoting from the opinion of the court in Karow v. Continental Life Ins. Co., 57 Wis. 56: "Since burning through the negligence of an insured who is sane does not relieve the company from liability, for a much stronger reason the same act by one incapable of care would not. . . . The act of burning one's own property does not necessarily injure an insurance company. Whether it does or not depends upon whether the company has, for the time being, assumed the risk of such burning. It is because the company, for a consideration paid, has, for the time being, assumed the risk of burning and hence, relieved the owner from such risk, that the liability continues, even where the burning is by the assured's own negligence or that of his agents or servants. Such policy covers all risks of loss from fire not excepted therefrom, nor effected by the intent, design or procurement of the assured. Such being the risk which the defendant here by its contract expressly assumed, it cannot be relieved therefrom merely because the assured burned the property, if it is made to appear that at the time of such burning the assured was incapable of forming a design or intention to injure." See also Hoyt v. Phœnix Ins. Co. 127 N. Y. 656; Williams v. Hays, 143 N. Y. 442.

Judgment affirmed.